IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANNA MASSAQUOI, | ) |
|     Petitioner, | ) |
| vs. | ) Civil Action No. 3:23-cv-71 |
| | ) Judge Stephanie L. Haines |
| ALEJANDRO MAYORKAS et al., | ) Magistrate Judge Keith A. Pesto |
|     Respondents. | ) |

### MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Manna Massaquoi ("Petitioner") (ECF No. 7). Petitioner is a native national of the Republic of Liberia who entered the United States legally in 2006 (ECF No. 8, p. 4). In 2013 Petitioner was convicted of aggravated assault, simple assault, terroristic threats, recklessly endangering another person, and possession of an instrument of crimes (ECF No. 8, p. 4). For these crimes he was incarcerated from February 7, 2010, to August 7, 2022 (ECF No. 8, p. 4).[1] He was released on a Department of Homeland Security detainer and has been in custody at the Moshannon Valley Processing Center ("MVPC") since August 2022 (ECF No. 8, pp. 4-5). Petitioner is detained subject to a final order of removal entered by an immigration judge on March 19, 2014 (ECF No. 8, p. 4), which the Board of Immigration Appeals ("BIA") affirmed on August 6, 2014. *Id.* Years later, the Embassy of Liberia issued the travel certificate for Petitioner on May 19, 2023 (ECF No. 26, p.3; ECF No. 26-5 "Travel Certificate") to allow for the removal.

A month before Liberia issued the travel certificate, on April 20, 2023, Petitioner petitioned

---

[1] In Petitioner's Petition for Writ of Habeas Corpus he says he was incarcerated until August 2023. The Court assumes this is a typographical error because he later states he has been detained at Moshannon Valley Processing Center since August 2022.

1

for review ("PFR") of the ruling to remove him, and moved to stay removal. On May 18, 2023, the Third Circuit issued an Order temporarily granting Petitioner's Motion for Stay of Removal (ECF No. 26, p. 3; *see Massaquoi v. U.S.A. et al.*, Case No. 23-1777 (3d Cir.)). On June 9, 2023, the Government moved to remand Petitioner's case to the BIA for further consideration of Petitioner's motion to reopen his removal proceedings in light of the Third Circuit's decision. *See Massaquoi v. U.S.A. et al.*, Case No. 23-1777, Doc. 13 (3d Cir.). On October 2, 2023, the Third Circuit granted full remand to the BIA to reconsider Petitioner's request for a stay of removal. *See Massaquoi v. U.S.A. et al.*, Case No. 23-1777, Doc. 31 (3d Cir.).[2] The appellate case was closed on the same day.

While Petitioner was detained at MVDC since August 2022, and before Liberia issued the travel certificate, Petitioner's custody status was reviewed in November 2022, and again in February 2023 (ECF No. 8, p. 5; ECF No. 26, p. 3). Both times United States Immigration and Customs Enforcement ("ICE") decided to continue Petitioner's detention.

> ICE is currently working with the government of Liberia to secure a travel document for your removal from the United States. A travel document from the Government of Liberia is expected, and ICE has reason to believe there's a significant likelihood that your removal will occur in the reasonably foreseeable future, therefore you are to remain in ICE custody at this time, as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241(e) have been satisfied.

(ECF No. 26, p. 4; ECF No. 26-7). As stated above, the travel certificate was issued in May 2023.

Petitioner remains detained under 8 U.S.C. § 1231 which governs the detention, release, and removal of individuals ordered removed. After the entry of a final order of removal against a noncitizen, the Government generally must secure the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A)). Detention is mandatory during the 90-day removal

---

[2] Magistrate Judge Pesto states that Petitioner's Petition for Habeas Corpus may be moot given that the remand to BIA presents the possibility that the basis for Petitioner's original removal order may no longer be valid. ECF No. 28, p. 3. This Court notes the possibility but will evaluate the Habeas Petition on the merits of the case.

2

period.  8 U.S.C. § 1231(a)(2).  The Government may continue to detain noncitizens beyond the 90-day removal period if the noncitizen poses a "risk to the community…."  8 U.S.C. 1231(a)(6).

In this case, Petitioner's removal is pending his appeal to have the removal order reviewed. Petitioner argues that a foreign national, subject to a removal order, cannot be held indefinitely when the foreign national "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future..." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). He states that he has been detained continuously for over the ninety days and the one hundred and eighty days allowable detention period under the law.  In *Zadvydas* the Supreme Court recognized a presumptively reasonable removal period of six months.  *See id.*  "This 6-month presumption, of course, does not mean every alien not removed must be released after six months." *Id.*

Respondent makes several arguments in favor of continued detention, including that Petitioner is not statutorily entitled to a bond hearing, that there is a significant likelihood of removal given that the travel certificate has been issued from Liberia, and that Petitioner, himself, is the ultimate cause of his continued detention while his motion to stay his removal is being considered (ECF No. 26, pp. 7-8).  Respondent cites to various cases that support this proposition. ECF No. 26, pp. 8-9 (*See, e.g.*, *Portillo v. Decker*, 2022 U.S. Dist. LEXIS, at *13 (S.D.N.Y. Mar. 18, 2022), "For obvious reasons, a noncitizen's use of the American judicial process, to the extent it delays removal, does not warrant release under *Zadvydas*.")

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.  On October 4, 2023, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 28) recommending that the Petition (ECF No. 8) be dismissed.  Petitioner was advised he had fourteen days to object to the Report and Recommendation.  *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule

72.D.2. Petitioner filed a Response to the Respondents' Response to the Petitioner's Writ of Habeas Corpus (ECF Nos. 27, 30) and a Response to the Report and Recommendation (ECF Nos. 34, 37),[3] as well as a Supplemental Response (ECF No. 39).

Petitioner's responses argue four factors against his continued detention: (1) how long he has been detained; (2) how much longer detention is anticipated; (3) the reason for the delay;[4] and (4) whether his conditions of confinement are penological in nature (ECF No. 34, pp. 1-3). Petitioner also argues that he should be released under supervision, and he would still be considered "in custody." (ECF No. 27, p. 4).

Upon review of the record and the Report and Recommendation (ECF No. 8) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Judge Pesto correctly determined that *Zadvydas* does not apply in this case. *Zadvydas* assumes the foreign national is attempting to comply with a final order of removal and in that situation a reasonably foreseeable period for detainment is six months. In Petitioner's case, however, he is seeking a stay of removal, the impetus for his prolonged detainment. "[A]n alien who on his own causes his delay in removal by seeking and obtaining a stay of removal while he challenges his removal order ha[s] tolled the time period within which BICE can detain the alien." *Morena v. Gonzales*, 2005 WL 3307100, at *6 (M.D. Pa. Oct. 4, 1005), *report and recommendation adopted*, 2005 WL 3277995 (M.D. Pa. Dec. 2, 2005).

---

[3] Petitioner filed identical pleadings at ECF Nos. 27 and 30 and ECF Nos. 34 and 37. These pleadings also contain the caption for the identical case filed at Case No. 3:23-cv-191-SLH-KAP, *Massaquoi v. Oddo*, which was originally filed in the Middle District of Pennsylvania and transferred to the Western District of Pennsylvania and which Magistrate Judge Pesto has recommended for dismissal as redundant (*see* ECF No. 28, p. 1).

[4] Petitioner argues that the continued detention effectively punishes him for pursuing applicable legal remedies. ECF No. 34, p. 2 (*citing German Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)).

In addition, the record represents that Petitioner's travel certificate has been issued so that BIA is now engaging in another review of Petitioner's motion to stay the removal. Therefore, removal of Petitioner is foreseeable pending BIA's review. Also of note is that Petitioner's detention has been reviewed twice and he was determined ineligible for release based on his conviction for violent crimes. This reasoning provides a logical basis to deny supervised release as well. Petitioner argues that his record is otherwise crime-free, but he has been incarcerated and detained since his crimes, therefore, that argument is not persuasive. As for the detention harming his civil rights or punishing him for seeking legal remedies, the Court finds that Petitioner's due process rights are being honored as his case has been remanded by the Appellate Court and is in review. As to the punishment of being incarcerated, that was of Petitioner's own doing. Finally, the conditions of his detention, which Petitioner describes in his Declaration (ECF No. 17),[5] are mainly arguments of convenience and anecdotal, and do not rise to the level of a penological setting. Even if the conditions of Petitioner's incarceration were overly harsh, those claims are not relevant in a Petition of Habeas Corpus.

Accordingly, the following order is entered:

### ORDER

AND NOW, this 30th day of January, 2024, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 8) is hereby DISMISSED WITHOUT PREJUDICE to Petitioner's ability to re-file a petition for writ of habeas corpus in the event that, following the conclusion of the review of his stay of removal, his detention continues beyond the presumptive reasonable period permitted by *Zadvydas*; and

---

[5] Also described in his Motion for Preliminary and Permanent Injunction (ECF No. 35).

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 28) is adopted as the Opinion of the Court; and

IT IS FURTHER ORDERED that Petitioner's Motion for Immediate and Permanent Injunction and Memorandum of Law (ECF No. 35) is DENIED because the issues and remedies sought are unavailable in a Petition for Habeas Corpus; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

                                                                                          Stephanie L. Haines
                                                                                          United States District Judge